UNITED STATES COURT OF APPEALS
DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| LEGAL EAGLE, LLC, | * |
| Appellant, | * |
| v. | * |
| NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, | *   Case No. 24-5230 |
| Appellee. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**APPELLANT'S OPPOSITION TO APPELLEE'S
OPPOSED MOTION FOR A 14-DAY EXTENSION
OF TIME TO FILE DISPOSITIVE MOTIONS**

On 18 November 2024, the Government requested a two-week extension of the deadline for filing dispositive motions, until 9 December 2024, stating that the extension "is necessary to ensure adequate time for the government to determine whether to file a motion for summary affirmance in this appeal, and to prepare and coordinate inter-agency review of any potential motion, in light of other appellate deadlines faced by government counsel." (Appellees' Opposed Mot. 14-Day Ext. of Time to File Disp. Mots., Dkt. #2085432, at 3 (filed Nov. 18, 2024).) While in most circumstances Appellant Legal Eagle, LLC ("Legal Eagle") would readily consent to such a request, even though it does not believe that summary disposition

would be warranted for either party, in this case it must oppose this request because allowing briefing of a summary disposition motion has a significant chance of causing this appeal to be dismissed as moot, thereby causing extraordinary hardship to Legal Eagle and to the significant public interest in the resolution of this case on the merits. Instead, in recognition of the parties' mutual interest in quickly resolving this case, Legal Eagle asks that this Court expedite the appeal instead. Legal Eagle has "strongly compelling," D.C. Cir. Handbook of Prac. & Internal Proc. § VIII(B), good cause to request this extraordinary relief.[1]

"[T]he court shall expedite the consideration of any action . . . if good cause therefor is shown. For purposes of this subsection, 'good cause' is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit." 28 U.S.C. § 1657(a). In addition to the fact that this case centers on the Government's assertion that Legal Eagle has no "rights under section 552 of title 5" when it comes to the office in question, this case also warrants expeditious consideration under this statute for two other reasons: (1) The case may become moot in the absence of a decision

---

[1] The remainder of this Opposition is virtually identical to Legal Eagle's contemporaneously filed Motion to Expedite Appeal, Dkt. #2086122. Legal Eagle filed that motion separately from this Opposition solely because "counsel seeking expedited review must file a motion," *id*., and so Legal Eagle did not want to lose this argument on a technicality because it did not "file a motion."

2

rendered prior to 20 January 2026, which would impose an extraordinary hardship on Legal Eagle; and (2) the case involves a matter of significant public interest.

In elucidating the "good cause standard," the legislative history of 28 U.S.C. § 1657(a) provides that "good cause" should be found: "[1] in a case in which failure to expedite would result in mootness or deprive the relief requested of much of its value, [2] in a case in which failure to expedite would result in extraordinary hardship to a litigant, or [3] actions where the public interest in enforcement of the statute is particularly strong." H. Rep. No. 98-985, at 6 (1984) (footnotes omitted).[2] Providing an example of when these criteria are met, both the statute and legislative history specifically invoke cases brought under the Freedom of Information Act ("FOIA") as paradigmatic examples of "good cause." Congress reasoned that prompt adjudication of FOIA cases (a) foster the important goal of creating an informed citizenry; (b) involve remedies of a "transitory" nature, i.e., that delay could render an information request "of no value at all"; and (c) do not "involve extended discovery or testimony and therefore do not burden court dockets for extensive periods of time." *Id.* at 5-6.

---

[2] These examples of good cause have been codified in some other courts' Local Rules, though not in this Court. *See*, *e.g.*, Ninth Cir. R. 27-12 (motion to expedite resolution of appeal "will be granted" where otherwise "the appeal may become moot").

3

This appeal involves one purely legal question: is an office within the National Security Council which exercises significant independent decisionmaking authority subject to FOIA? The records in question are considered Presidential records under the Presidential Records Act, 44 U.S.C. §§ 2201, *et seq.*, and according to that statute, they will become subject to FOIA through the National Archives and Records Administration ("NARA") on 20 January 2026. *Id.* § 2204(b)(2)(A). At that point, this appeal may become moot, and if the Court dismisses it due to mootness, Legal Eagle will be forced to file new FOIA requests with NARA for these records, starting the process all over again at the back of the line, which will be an extraordinary hardship.

Additionally, there has consistently been significant public interest in both these records specifically and the application of FOIA to the office in question. This office was at the heart of a very highly publicized legal battle between the White House and then-President Trump's former National Security Advisor John Bolton over the publication of his memoirs, and now that President-Elect Trump has been elected to a second term, there is significant public interest in learning about the degree to which the White House will similarly attempt to silence dissenting voices through the means of denying permission to publish information.

The Government has also requested a quick resolution to this appeal, albeit through a motion for summary affirmance. While Legal Eagle disagrees that "[t]he

merits of the parties' positions are so clear as to warrant summary action," *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam), it does agree that both parties' interests—as well as the public interest—are served by an expedited briefing schedule, oral argument, and decision. Accordingly, the undersigned proposed this solution to the Government's counsel as an alternative to its extension request, since the briefing of a dispositive motion will waste valuable time and significantly increase the chances of the appeal ultimately being dismissed as moot. However, in rejecting this proposed compromise, the Government has demonstrated that it is only interested in a quick resolution of the appeal if it is on *its* terms, and this Court should reject this gamesmanship.

The foregoing reasons illustrate that there is an unusually strong public interest in expediting this appeal and, thus, good cause for expediting it. Assuming the Court agrees, Legal Eagle proposes that the Court deny the Government's motion and instead issue an expedited briefing schedule that largely tracks the one set forth in Federal Rule of Appellate Procedure 31:

    Appellant's Brief: 20 days after this Motion is granted

    Appellee's Brief: 30 days after Appellant's Brief is served

    Appellant's Reply: 21 days after Appellee's Brief is filed

    Oral argument: As soon as practicable following filing of Appellant's Reply

Given that the parties here have already briefed the relevant issue in the District Court, this proposed schedule would give both parties more than enough time to complete their filings. It would give the Government's counsel more time than they requested in their extension motion, which will resolve the conflicts with their existing schedules. Most importantly, it would also ensure that the case is fully briefed in time for oral argument to take place in time for a decision to be issued in 2025.

Date: November 22, 2024

                                                  Respectfully submitted,

                                                  /s/ Kelly B. McClanahan
                                                Kelly B. McClanahan, Esq.
                                                D.C. Bar #984704
                                                National Security Counselors
                                                4702 Levada Terrace
                                                Rockville, MD  20853
                                                301-728-5908
                                                240-681-2189 fax
                                                Kel@NationalSecurityLaw.org

                                                *Counsel for Appellant*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing filing contains 1334 words, and was prepared in 14-point Times New Roman font using Microsoft Word 365.

                                            /s/ Kelly B. McClanahan
                                          Kelly B. McClanahan, Esq.