[NOT YET SCHEDULED FOR ORAL ARGUMENT]

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| LEGAL EAGLE, LLC,<br><br>    Plaintiff-Appellant,<br><br>    v.<br><br>NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, et al.,<br><br>    Defendants-Appellees. | No. 24-5230 |

**RESPONSE IN OPPOSITION TO MOTION TO EXPEDITE APPEAL**

    Plaintiff-Appellant Legal Eagle, LLC (Plaintiff) has filed a motion seeking to expedite briefing and oral argument in this appeal from an order granting the government's motion to dismiss Freedom of Information Act claims against Defendant-Appellee National Security Council (NSC) Records Access and Information Security Management Directorate. The government hereby respectfully opposes Plaintiff's motion for expedition.

## BACKGROUND

1.  The Freedom of Information Act (FOIA) generally "requires covered federal entities to disclose information to the public upon reasonable request, unless the information falls within the statute's exemptions." *Citizens for Resp. & Ethics in Washington v. Office of Admin.*, 566 F.3d 219, 222 (D.C. Cir. 2009) (*CREW*) (citations omitted). FOIA's disclosure obligations apply to "agenc[ies]," 5 U.S.C. § 552(a), which the statute defines to include "any executive department, … or other establishment in the executive branch of the Government (including the Executive Office of the President)," *id.* § 552(f)(1). The Supreme Court has held, however, that "FOIA does not extend to 'the President's immediate personal staff or units in the Executive Office of the President whose sole function is to advise and assist the President.'" *CREW*, 566 F.3d at 222 (alteration omitted) (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 156 (1980)).

This Court has applied that understanding of what constitutes an "agency" under FOIA to hold that several units within the Executive Office of the President are not subject to FOIA. *See Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 225 (D.C. Cir. 2013) (collecting cases). As specifically relevant here, this Court has squarely held that "the NSC is not an agency

2

subject to the FOIA." *Armstrong v. Executive Off. of the President*, 90 F.3d 553, 565 (D.C. Cir. 1996).

2. Plaintiff brought this FOIA action seeking documents related to the prepublication review of a book by former National Security Adviser John Bolton. One of the federal defendants from which Plaintiff seeks records is the NSC Records Access and Information Security Management Directorate (RAISMD). On March 18, 2021, the district court granted the government's motion to dismiss the counts against the NSC-RAISMD on the ground that this defendant is not subject to FOIA. Dkt. No. 33. The court observed that in *Armstrong*, this Court held that the NSC "'is not an agency subject to the FOIA.'" Dkt. No. 33, at 8 (quoting 90 F.3d at 565). And the district court explained that it "perceives no invitation in this Circuit's binding precedent to reevaluate whether subcomponents of the NSC … are agencies subject to FOIA." Dkt. No. 33, at 10.

Plaintiff moved to certify the case for interlocutory appeal, and the district court denied the request on the basis that there was "no substantial ground for a difference of opinion regarding RAISMD's status as an agency." Dkt. No. 38, at 2. According to the district court, "the law in this Circuit is clear that the NSC is not an 'agency' for purposes of the FOIA," and the

3

"Second Circuit has come to the same conclusion." Dkt. No. 38, at 3 (alteration and quotation marks omitted). The court emphasized, moreover, that "[n]either circuit court has left open the possibility that entities within a non-FOIA entity may be subject to FOIA." Dkt. No. 38, at 3 (alteration and quotation marks omitted).

The case thus proceeded in district court against the remaining federal defendants. On October 3, 2024, the parties entered a stipulation of dismissal of the remaining claims. Dkt. No. 74. The following day, Plaintiff filed a notice of appeal with respect to the earlier dismissal of its claims against the NSC-RAISMD. Dkt. No. 75.

3.  On October 9, 2024, this appeal was docketed and the Court issued an order setting a schedule for initial submissions, under which any procedural motions were due November 8, and any dispositive motions were due November 25. *See* 10/09/2024 Order. On November 18, the government filed a motion to extend the time to file any dispositive motions, indicating that additional time was required for the government to determine whether to file a motion for summary affirmance, and to prepare a draft motion and coordinate inter-agency review. On November 20, Plaintiff filed a *nunc pro tunc* motion to extend the deadline for procedural motions to November 21.

4

On November 22, Plaintiff filed a motion to expedite this appeal and an opposition to the government's motion for an extension. Plaintiff's *nunc pro tunc* extension motion was granted, 11/22/2024 Order; and the government's motion to extend the deadline for dispositive motions was granted, 11/25/2024 Order. Dispositive motions in this appeal are now due December 9, 2024. 11/25/2024 Order.

## LEGAL STANDARD

Expedited consideration is required for actions brought under certain statutorily enumerated circumstances or where "good cause … is shown." 28 U.S.C. § 1657(a). When expedition is not expressly required by statute, this "Court grants expedited consideration very rarely." D.C. Cir. Handbook of Practice and Internal Procedures VIII.B (2021) (Handbook). To merit such consideration, a movant "must demonstrate that the delay will cause irreparable injury and that the decision under review is subject to substantial challenge." *Id.* Expedition may also be granted in cases "in which the public generally … ha[s] an unusual interest in prompt disposition." *Id.* In either circumstance, "[t]he reasons must be strongly compelling." *Id.*

5

# ARGUMENT

Plaintiff has not demonstrated that this appeal warrants expedited consideration at this time.

A. Plaintiff asserts that expedition is required because on January 20, 2026, the records sought from NSC-RAISMD "will become subject to FOIA through the National Archives and Records Administration ('NARA'),'" which could result in the appeal "becom[ing] moot." Appellant's Motion to Expedite Appeal 3 (Nov. 22, 2024) (Motion). The date on which the records at issue become subject to FOIA through NARA, according to Plaintiff, is not until almost 14 months from now. If this Court denies the government's forthcoming motion for summary affirmance, there would still be ample opportunity for this appeal to be briefed, argued, and decided before January 20, 2026, without the extraordinary level of expedition that Plaintiff seeks.

Plaintiff appears to be asking the Court to order expedited merits briefing in lieu of briefing a motion for summary affirmance. *See* Motion 4; Appellant's Opposition to Appellee's Opposed Motion for a 14-Day Extension of Time to File Dispositive Motions 2 (Nov. 22, 2024). But the two courses are not interchangeable. Nor is there any cause to order contemporaneous merits and summary-affirmance briefing. The district court held that this case is

6

governed by binding Circuit precedent and the government intends to seek summary affirmance on the same grounds, such that it would be a waste of the resources of the Court and the government to require full merits briefing contemporaneous with consideration of the motion for summary affirmance.

This Court regularly decides dispositive motions before acting on motions to expedite briefing.[1]  That is consistent with the Court's Handbook, which explains that the Court normally does not assign "oral argument dates or briefing schedules until all pending motions have been resolved." Handbook VII.A.  As the Handbook explains, resolving a case through "[m]otions practice" can create "a major savings of time, effort, and resources for the parties, counsel, and the Court." *Id.*  Granting the government's motion for summary affirmance would allow the Court and the parties to "achiev[e] [an] early resolution" without "unnecessarily go[ing] the full route of briefing and oral argument." *Id.*  If, on the other hand, the Court denies the motion, it can set a schedule for full merits briefing.

---

[1] *See, e.g.*, *Bush v. USDA*, No. 21-5267, 2022 WL 1701528 (D.C. Cir. May 25, 2022); *Simon v. U.S. Dep't of Justice*, No. 21-5099, 2021 WL 4767941 (D.C. Cir. Sept. 15, 2021); *Electronic Privacy Info. Ctr. v. FTC*, No. 12-5054, 2012 WL 1155661 (D.C. Cir. Mar. 5, 2012); *Sandoz Inc. v. FDA*, No. 06-5204, 2006 WL 2591087 (D.C. Cir. Aug. 30, 2006).

7

**B.** Additionally, Plaintiff has not demonstrated that this appeal meets the general standard for expedition. *See* Handbook VIII.B. Plaintiff's motion does not attempt to demonstrate "irreparable injury" in the absence of expedited consideration. *See id.* Instead, Plaintiff relies on the prospect of mootness after January 20, 2026. But the fact that Plaintiff would gain another means of obtaining the full relief that it seeks (*i.e.*, the records at issue) can hardly be considered an irreparable injury.[2]

Plaintiff also asserts that if it is "forced to file new FOIA requests with NARA for these records, starting the process all over again at the back of the line," that would constitute "extraordinary hardship." Motion 3. But a bare assertion about potential delay is insufficient to establish irreparable injury. Nor is Plaintiff's unsupported statement that there is "significant public interest in both these records specifically and the application of FOIA to the office in question," Motion 3, sufficient to demonstrate a "strongly compelling"

---

[2] In describing mootness as a potential example of "good cause" supporting expedition, the legislative history on which Plaintiff relies (Motion 2) specifically contemplates circumstances in which external events remove the possibility of relief, not circumstances in which litigants receive complete relief through other means. *See* H.R. Rep. No. 98-985, at 6 n.7 (1984) ("*E.g.*, a case relating to voting rights which would be mooted or partially mooted by an upcoming election").

case that the "public … ha[s] an unusual interest in prompt disposition" here, Handbook VIII.B.

Plaintiff's motion also does not attempt to demonstrate that "the decision under review is subject to substantial challenge." Handbook VIII.B. In any event, as the district court explained, "there is no substantial ground for a difference of opinion regarding RAISMD's status" under FOIA. Dkt. No. 38, at 2. Rather, "the law in this Circuit is clear that the NSC is not an 'agency' for purposes of the FOIA," and this Circuit has not "left open the possibility that entities within a non-FOIA entity may be subject to FOIA." Dkt. No. 38, at 3 (alterations and quotation marks omitted).

**C.** Even if the Court were to agree with Plaintiff that some form of expedition were required here, the briefing schedule proposed by Plaintiff is inappropriate.

Plaintiff waited until 44 days after this appeal was docketed to seek expedition. *See* Handbook VIII.B ("Like other procedural motions, motions to expedite must be filed within 30 days of the date the case is docketed."). And this motion to expedite was filed two weeks after the deadline for procedural motions, necessitating a *nunc pro tunc* extension motion. *See* Appellant's Unopposed *Nunc Pro Tunc* Motion for Enlargement of Time

9

Within Which to File Procedural Motions (Nov. 20, 2024). Despite countenancing over six weeks of its own delay, Plaintiff now seeks expedition whereby the opening brief would be due in 20 days' time and the government's response brief due 30 days later. Motion 5. The government's 30-day period would likely span the weeks of Christmas and New Year's, when it would be particularly difficult to prepare a draft and coordinate inter-agency review due to planned annual leave and holiday travel.

In the event that the Court denies the government's forthcoming motion for summary affirmance, the parties can then jointly propose a briefing schedule. The government anticipates that the parties would then be able to agree to a schedule that would allow the case to be argued before the Court's 2025 summer recess.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to expedite the appeal should be denied, and the parties should be directed to propose a merits briefing schedule only if the government's motion for summary affirmance is denied.

Respectfully submitted,

SHARON SWINGLE
 /s/ *McKaye L. Neumeister*
McKAYE L. NEUMEISTER
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7231*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-8100*

NOVEMBER 2024

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 1916 words.

                                                                                       */s/ McKaye L. Neumeister*
                                                                                       McKaye L. Neumeister

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                   */s/ McKaye L. Neumeister*
                                                   McKaye L. Neumeister