[NOT YET SCHEDULED FOR ORAL ARGUMENT]

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| LEGAL EAGLE, LLC,<br><br>　　　Plaintiff-Appellant,<br><br>　　　v.<br><br>NATIONAL SECURITY COUNCIL RECORDS ACCESS AND INFORMATION SECURITY MANAGEMENT DIRECTORATE, et al.,<br><br>　　　Defendants-Appellees. | No. 24-5230 |

**APPELLEES' MOTION FOR SUMMARY AFFIRMANCE**

Plaintiff-Appellant Legal Eagle, LLC (Plaintiff) brought this suit seeking documents from various federal entities under the Freedom of Information Act (FOIA). One of those entities is an office within the National Security Council: the National Security Council Records Access and Information Security Management Directorate (NSC-RAISMD). As this Court has long recognized, however, the National Security Council is "not an agency subject to the FOIA." *Armstrong v. Executive Off. of the President*, 90 F.3d 553, 565 (D.C. Cir. 1996). Accordingly, the district court correctly

dismissed Plaintiff's claims against NSC-RAISMD. The government respectfully moves for summary affirmance of the district court's dismissal order. Plaintiff opposes this motion.

## STATEMENT

1. The Freedom of Information Act generally "requires covered federal entities to disclose information to the public upon reasonable request, unless the information falls within the statute's exemptions." *Citizens for Resp. & Ethics in Washington v. Office of Admin.*, 566 F.3d 219, 222 (D.C. Cir. 2009) (*CREW*) (citations omitted). FOIA's disclosure obligations apply to "agenc[ies]," 5 U.S.C. § 552(a), which the statute defines to include "any executive department, … or other establishment in the executive branch of the Government (including the Executive Office of the President)," *id.* § 552(f)(1). The Supreme Court has held, however, that "FOIA does not extend to 'the President's immediate personal staff or units in the Executive Office of the President whose sole function is to advise and assist the President.'" *CREW*, 566 F.3d at 222 (alteration omitted) (quoting *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 156 (1980)).

This Court has applied that understanding of what constitutes an "agency" under FOIA to hold that several units within the Executive Office of

2

the President are not subject to FOIA. *See Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 225 (D.C. Cir. 2013) (collecting cases). As specifically relevant here, this Court has squarely held that "the NSC is not an agency subject to the FOIA." *Armstrong v. Executive Off. of the President*, 90 F.3d 553, 565 (D.C. Cir. 1996), *cert. denied*, 520 U.S. 1239 (1997).

2.  Plaintiff brought this FOIA action seeking documents related to the prepublication review of a book by former National Security Adviser John Bolton. One of the federal defendants from which Plaintiff seeks records is the NSC Records Access and Information Security Management Directorate. On March 18, 2021, the district court granted the government's motion to dismiss the counts against the NSC-RAISMD on the ground that this defendant is not subject to FOIA. Dkt. Nos. 32 & 33. The court observed that in *Armstrong*, this Court held that "'the NSC is not an agency subject to the FOIA.'" Dkt. No. 33, at 8 (quoting 90 F.3d at 565). And the district court explained that it "perceives no invitation in this Circuit's binding precedent to reevaluate whether subcomponents of the NSC … are agencies subject to FOIA." Dkt. No. 33, at 10.

Plaintiff moved to certify the case for interlocutory appeal, and the district court denied the request on the basis that there was "no substantial

3

ground for a difference of opinion regarding RAISMD's status as an agency." Dkt. No. 38, at 2. According to the district court, "the law in this Circuit is clear that the NSC is not an 'agency' for purposes of the FOIA," and the "Second Circuit has come to the same conclusion." Dkt. No. 38, at 3 (alteration and quotation marks omitted). The court emphasized, moreover, that "[n]either circuit court has left open the possibility that entities within a non-FOIA entity may be subject to FOIA." Dkt. No. 38, at 3 (alteration and quotation marks omitted).

The case proceeded in district court against the remaining federal defendants. On October 3, 2024, the parties entered a stipulation of dismissal of the remaining claims. Dkt. No. 74. The following day, Plaintiff filed a notice of appeal with respect to the earlier dismissal of its claims against the NSC-RAISMD. Dkt. No. 75.

3. On October 9, 2024, this appeal was docketed and the Court issued an order setting a schedule for initial submissions, under which any dispositive motions were due November 25. *See* 10/09/2024 Order. The government moved to extend the deadline for dispositive motions to December 9, 2024, and the extension was granted over Plaintiff's opposition. *See* 11/25/2024 Order.

4

Plaintiff has also filed a motion to expedite this appeal, which the government has opposed.

**ARGUMENT**

This Court should summarily affirm the district court's dismissal of the claims against NSC-RAISMD. Summary disposition is appropriate where, as here, "the merits of the parties' positions are so clear that expedited action is justified," *Gray v. Poole*, 243 F.3d 572, 575 (D.C. Cir. 2001), and "no benefit will be gained from further briefing [or] argument of the issues presented," *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 298 (D.C. Cir. 1987) (per curiam). The district court (Contreras, J.) correctly concluded that clear Circuit precedent holding that the NSC as a whole is not an agency subject to FOIA squarely forecloses the conclusion that an office within the NSC is nonetheless subject to FOIA.

**A.** In *Armstrong*, this Court analyzed "'three interrelated factors'" to determine whether the NSC exercises "'substantial independent authority'" and thus "should be deemed an agency subject to the FOIA": (1) "'how close operationally the [NSC] is to the President,'" (2) "'whether it has a self-contained structure,'" and (3) "'the nature of its delegated' authority." 90 F.3d at 558 (alteration omitted) (quoting *Meyer v. Bush*, 981 F.2d 1288, 1293 (D.C.

5

Cir. 1993)). The Court observed that the NSC "has a structure sufficiently self-contained that the entity could exercise substantial independent authority." *Id.* at 560.

The remaining two factors, however, demonstrated that "the NSC is not an agency subject to the FOIA." *Armstrong*, 90 F.3d at 559. Specifically, the Court observed that "the NSC is 'proximate' to the President," given the "intimate organizational and operating relationship between the President and the NSC": the "President chairs the statutory Council, and his National Security Adviser, working in close contact with and under the direct supervision of the President, controls the NSC staff." *Id.* at 560. Moreover, "the [NSC] staff exercises no substantial authority either to make or to implement policy." *Id.* at 561. In support of that conclusion, the Court observed that "Congress has not … by statute[] delegated substantial authority to the NSC," nor "does the NSC appear to exercise any significant non-advisory function" apart from its "statutory assignment to advise and assist the President" under any presidential delegation of authority. *Id.* at 565. Accordingly, the Court held that "the NSC is not an agency subject to the FOIA." *Id.*

6

This Court has since repeatedly reiterated that holding. *See CREW*, 566 F.3d at 223 ("Nor is the National Security Council (NSC) covered by FOIA because it plays no 'substantive role apart from that of the President, as opposed to a coordinating role on behalf of the President.'" (quoting *Armstrong*, 90 F.3d at 565)); *Judicial Watch*, 726 F.3d at 225 ("[I]ndividuals employed in ... the National Security Council… are among those whose documents are excluded from FOIA."); *Risenhoover v. U.S. Dep't of State*, No. 20-5276, 2020 WL 8773055, at *1 (D.C. Cir. Dec. 22, 2020) (per curiam) ("NSC is not an agency for purposes of FOIA."). And the Second Circuit has independently reached the same conclusion. *See Main St. Legal Servs., Inc. v. National Sec. Council*, 811 F.3d 542, 566 (2d Cir. 2016) ("[B]ecause the Council and the NSC System function solely to advise and assist the President and exercise no authority independent of the President, the NSC does not constitute an agency subject to the FOIA.").

**B.** Plaintiff does not dispute that the NSC is not an agency subject to FOIA. Dkt. No. 5, ¶ 47 (Am. Compl.) ("[W]e do not dispute that the National Security Council *as a whole* is not an agency for the purposes of FOIA …." (quotation marks omitted)); *see* Dkt. No. 14, at 2 (Pl.'s Opp'n to Def.'s Partial Mot. to Dismiss) ("Legal Eagle has explicitly stated it is not disputing" that

7

"the NSC is clearly not an agency subject to FOIA …."). And it does not dispute that the Records Access and Information Security Management Directorate is part of the NSC. *See* Am. Compl. ¶¶ 4, 47. Plaintiff argues, however, that this office within the NSC is nonetheless subject to FOIA, because it "'bears primary responsibility for the classification review of written works submitted to the NSC for the prepublication review process,'"[1] and thus has "substantial independent authority in the exercise of specific functions whose sole function is not to advise and assist the President." Am. Compl. ¶ 4; *see id.* ¶¶ 44-49.

That position is foreclosed by Circuit precedent. The text, analysis, logic, and context of the Court's decision in *Armstrong* all demonstrate that the Court's holding that the NSC is not subject to FOIA necessarily applies to all of the staff and sub-offices within the NSC.

**1.** The plain text of this Court's decision in *Armstrong* encompasses the entire NSC—both as a collective whole and all of its component parts individually—in the conclusion that the entity is not subject to FOIA. The

---

[1] For purposes of this motion, the government takes as true Plaintiff's allegations regarding the role of NSC-RAISMD in the prepublication review process. *See* Am. Compl. ¶¶ 4, 19.

8

Court concluded that "the NSC is not an agency subject to the FOIA." 90 F.3d at 565. That holding applies on its face to the whole entity overall: to both "the statutory Council [and] the NSC staff." *Id.* at 558; *see id.* at 556 n.\*. Indeed, the Court specifically determined that "the [NSC] *staff* exercises no substantial authority either to make or to implement policy." *Id.* at 561 (emphasis added); *see also id.* ("Insofar as the staff has been delegated authority to make policy recommendations for approval by the President, his NSA, or the statutory Council, the staff's functions are, of course, quintessentially advisory.").

This conclusion that "the NSC staff [do not] perform[] significant non-advisory functions," 90 F.3d at 558, by its plain terms necessarily encompasses the staff in the NSC's Records Access and Information Security Management Directorate. The NSC-RAISMD staff are thus among the "individuals employed in … the National Security Council," "whose documents are excluded from FOIA." *Judicial Watch*, 726 F.3d at 225.

**2.** The Court's analysis in *Armstrong* further confirms that the opinion does not leave open the possibility that individual sub-offices within the NSC might still be subject to FOIA.

9

In assessing the relevant factors to determine whether the NSC constitutes an "agency" under FOIA, the *Armstrong* Court specifically considered the NSC's structure, and the fact that the NSC has a large staff and various distinct offices. *See* 90 F.3d at 560 (describing the NSC as "a professional corps of more than 150 employees, organized into a complex system of committees and working groups," with "separate offices, each responsible for a particular geographic region or functional area"); *id.* at 568 (Tatel, J., dissenting) (noting the NSC's "complex structure" and size). Indeed, that structure made it possible that "the entity could exercise substantial independent authority" to constitute an "agency." *Id.* at 560 (majority opinion). With full awareness of its complex structure, the Court nonetheless concluded that "the NSC is not an agency subject to the FOIA." *Id.* at 565. It would be nonsensical for this holding not to apply to all of the various "separate offices" that, as the Court acknowledged, comprise the NSC.[2]

---

[2] Indeed, the dissent indicated that it understood the majority's holding to apply to all elements within the NSC's structure, expressing disagreement with the majority's analysis of the structure and proximity elements because, given the "complex structure" of the NSC, "we should not be at all surprised to find independent functions exercised by the less proximate NSC staff and numerous NSC interagency groups." 90 F.3d at 568 (Tatel, J., dissenting).

Additionally, the *Armstrong* Court considered the nature of various different areas of authority delegated to the NSC. *See* 90 F.3d at 561-65. The various areas—ranging from "Telecommunications policy" to "Non-proliferation"—might reasonably fall within the ambit of different offices within the NSC. *Id.* at 562-63 (emphases omitted). But the Court attributed all of those activities to the NSC as a whole, as the entity at issue; the Court did not need to be more specific about which specific offices or staff members carried out which activities because the Court's holding applies to the entire entity and all of its staff and sub-components.

As particularly relevant here, the *Armstrong* Court specifically considered the NSC's "[p]rotection of national security information" as one of its delegated authorities, including "the internal management of the information that the NSC generates in advising the President" and "declassification reviews." 90 F.3d at 561-62 (emphasis omitted). Although the Court did not specifically mention NSC-RAISMD by name, the office's role in securing classified information from unauthorized release through the prepublication review process was encompassed within the Court's discussion. And overall, the Court did not find the authority delegated to the NSC with

11

respect to information security to be "the indicium of an entity with substantial independence from the President." *Id.* at 562.

3. Moreover, in light of the inquiry undertaken in *Armstrong*, the Court's holding necessarily encompasses all of the NSC's components and staff as a matter of common sense. The *Armstrong* Court concluded that the "'sole function'" of the NSC is to "advise and assist the President," such that the "NSC is not an agency subject to the FOIA." 90 F.3d at 559. The determination that the NSC as a whole can "be said *solely* to advise and assist the President," logically forecloses the possibility that a sub-office within the NSC nonetheless "exercise[s] substantial … authority" "independent" of the President. *Id.* (emphasis added); *see id.* at 570 (Tatel, J., dissenting) (explaining that a court "need find only one non-advise-and-assist function to conclude that [a unit within the Executive Office of the President] is an agency for FOIA and Federal Records Act purposes").

4. The circumstances surrounding the *Armstrong* decision further demonstrate that the Court's holding encompasses all of the NSC's staff and various sub-offices. The *Armstrong* case involved the record preservation requirements applicable to NSC documents generally. *See* 90 F.3d at 556-57; *id.* at 556 (discussing FOIA request for "all documents stored in the … NSC

12

electronic communications systems since their installation"). In the ruling under review, the district court had "declared that the NSC is an agency subject to the FOIA, and directed it to comply with both the FOIA and the [Federal Records Act]," excepting only certain "records of high-level officials of the NSC." *Id.* at 555; *see Armstrong v. Executive Off. of the President*, 877 F. Supp. 690, 707-08 (D.D.C. 1995), *rev'd*, 90 F.3d 553 (D.C. Cir. 1996).

The district court's declaration meant that all of the NSC, including all sub-offices and staff (apart from the excepted high-level officials), would be required to comply with the Federal Records Act's preservation requirements. In reversing the district court's judgment and concluding that "the NSC is not an agency under the FOIA and, therefore, that its records need not be managed in compliance with the [Federal Records Act]," 90 F.3d at 567, the *Armstrong* Court thus necessarily concluded that none of the NSC's offices or staff were subject to FOIA. If the *Armstrong* Court had meant to limit its holding and apply the Federal Records Act to only a subset of the NSC, it could have created a carve-out like the district court had done in that case; significantly, the Court did no such thing.

C. The district court below thus properly granted the government's partial motion to dismiss as to Plaintiff's claims against NSC-RAISMD. As

13

the court explained, "[t]he law in this Circuit is clear that the NSC is not an 'agency' for purposes of the FOIA." Dkt. No. 33, at 9 (quoting *Risenhoover v. U.S. Dep't of State*, No. 19-cv-715, 2020 WL 3128947, at *7 (D.D.C. June 12, 2020)). And the court correctly "perceive[d] no invitation in this Circuit's binding precedent to reevaluate whether subcomponents of the NSC, an entity that itself has been found to not 'exercise *any* significant non-advisory function,' … are agencies subject to FOIA." Dkt. No. 33, at 10 (quoting *Armstrong*, 90 F.3d at 565). Regarding Plaintiff's "attempts to evade the key holdings in *Armstrong* and *Main Street*, by claiming that both cases leave open the possibility that entities within a non-FOIA entity may be subject to FOIA," the court rejected the claim as "not rooted in the text or analysis of either decision." Dkt. No. 33, at 10 n.2.[3]

Accordingly, the district court correctly followed binding Circuit precedent in holding, pursuant to *Armstrong*, that "[a]s a subcomponent of the NSC, which is not subject to FOIA, … RAISMD is not subject to FOIA." Dkt. No. 33, at 2. This Court should affirm.

---

[3] The district court thus declined to become the first court to determine "that a sub-part of a non-FOIA entity is subject to FOIA." Dkt. No. 33, at 9; *see* Dkt. No. 14, at 3 (acknowledging that no court has ever held "that an office or sub-part within a non-FOIA entity is subject to FOIA").

14

## CONCLUSION

For the foregoing reasons, this Court should summarily affirm the district court's order dismissing the claims against NSC-RAISMD.

Respectfully submitted,

SHARON SWINGLE
 /s/ *McKaye L. Neumeister*
MCKAYE L. NEUMEISTER
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7231*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 514-8100*

DECEMBER 2024

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,885 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in CenturyExpd BT 14-point font, a proportionally spaced typeface.

/s/ *McKaye L. Neumeister*
McKaye L. Neumeister

# CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2024, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *McKaye L. Neumeister*
McKaye L. Neumeister