[NOT YET SCHEDULED FOR ORAL ARGUMENT]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

LEGAL EAGLE, LLC,

    Plaintiff-Appellant,

    v.

NATIONAL SECURITY COUNCIL
RECORDS ACCESS AND
INFORMATION SECURITY
MANAGEMENT DIRECTORATE, et al.,

    Defendants-Appellees.

No. 24-5230

---

**REPLY IN SUPPORT OF APPELLEES' MOTION
FOR SUMMARY AFFIRMANCE**

As explained in the government's motion for summary affirmance, the district court (Contreras, J.) properly dismissed Plaintiff's claims against the National Security Council Records Access and Information Security Management Directorate (NSC-RAISMD). *See* Dkt. No. 33. The district court observed that under clear Circuit precedent, "the NSC is not an 'agency' for purposes of the [Freedom of Information Act (FOIA)]." Dkt. No. 33, at 9 (citation omitted). The court thus correctly held that under this binding precedent, it had no authority to "reevaluate whether subcomponents of the

NSC, an entity that itself has been found to not exercise *any* significant non-advisory function, … are agencies subject to FOIA." Dkt. No. 33, at 10 (quotation marks omitted). Plaintiff's opposition to the government's motion identifies no legal authority refuting this conclusion and summary affirmance is therefore appropriate.

## ARGUMENT

This Court's decision in *Armstrong v. Executive Office of the President*, 90 F.3d 553 (D.C. Cir. 1996), holding that the NSC as a whole is not an agency subject to FOIA, squarely forecloses the conclusion that NSC-RAISMD—an office within the NSC—is nonetheless subject to FOIA. *See* Appellees' Motion for Summ. Aff. (Motion) 8-13. The substance of Plaintiff's opposition is largely unresponsive to the government's motion seeking summary affirmance on this basis. To the extent Plaintiff attempts to address the arguments raised in the motion, its assertions are unavailing.

**A.** As the motion for summary affirmance explains, the text and analysis of the Court's decision in *Armstrong*, the logic underlying the decision, and the context in which the decision arose, demonstrate that the Court's holding that the NSC is not subject to FOIA necessarily applies to all of the staff and sub-offices within the NSC—including NSC-RAISMD. *See*

2

Motion 8-13. Plaintiff labels this argument "completely meritless," Appellant's Opposition to Appellee's Motion for Summ. Aff. (Opposition) 4, but does not attempt to individually refute those specific points or offer a competing text-based understanding of the *Armstrong* decision.

1.    Instead, Plaintiff asserts generally that the NSC is not "categorically not subject to FOIA," and that "[e]ach time a court has adjudicated a FOIA case against the NSC, it has performed a searching 'sole function' examination of the functions of the office." Opposition 6. But Plaintiff cites no supporting authority for this proposition. *See* Dkt. No. 33, at 9 (recognizing that this claim is made "without citation to any cases in this district postdating *Armstrong*"). And various decisions demonstrate this Circuit's contrary understanding that *Armstrong*'s holding that the NSC is not subject to FOIA was categorical.[1] Indeed, courts within this Circuit follow

---

[1] *See Citizens for Resp. & Ethics in Washington v. Office of Admin.*, 566 F.3d 219, 223 (D.C. Cir. 2009) ("Nor is the National Security Council (NSC) covered by FOIA because it plays no 'substantive role apart from that of the President, as opposed to a coordinating role on behalf of the President.'" (quoting *Armstrong*, 90 F.3d at 565)); *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 225 (D.C. Cir. 2013) ("[I]ndividuals employed in … the National Security Council … are among those whose documents are excluded from FOIA."); *Risenhoover v. U.S. Dep't of State*, No. 20-5276, 2020 WL 8773055, at *1 (D.C. Cir. Dec. 22, 2020) (per curiam) ("NSC is not an agency for purposes of FOIA.").

3

the holding of *Armstrong* with respect to FOIA claims against the NSC *without* performing a new analysis of the functions of the particular NSC staff or sub-office at issue.[2]

**2.** With respect to the *Armstrong* decision specifically, Plaintiff asserts—again without citation—that "[t]his Court did not rule that no part of NSC was an agency; it ruled that *the NSC* was not an agency notwithstanding what some of its parts might do…" Opposition 7 n.2. This mischaracterization of *Armstrong* reflects a misunderstanding of the *Armstrong* Court's analysis and the necessary implications of its reasoning.

To the extent Plaintiff means to suggest that *Armstrong* found that "some … parts" of the NSC engaged in "a few independent actions" but applied a "balancing test" to determine that the NSC's predominant "advisory nature" "outweigh[ed]" any independent functions, *see* Opposition 7 & n.2, that is clearly incorrect. The *Armstrong* Court held that "the NSC is not an agency

---

[2] *See Electronic Priv. Info. Ctr. v. National Sec. Agency*, 795 F. Supp. 2d 85, 91 (D.D.C. 2011) ("[T]he D.C. Circuit held that the NSC is not an agency within the meaning of the FOIA.  That conclusion is binding upon this Court." (cleaned up)); *Risenhoover v. U.S. Dep't of State*, No. CV 19-715 (BAH), 2020 WL 3128947, at *7 (D.D.C. June 12, 2020) ("As for the NSC, moreover, the law in this Circuit is clear that the NSC is not an agency for purposes of the FOIA, and organizations that are not an agency under FOIA are neither required to respond to a FOIA request nor subject to a FOIA lawsuit." (cleaned up)).

4

subject to the FOIA." 90 F.3d at 565. Crucial to that result was the Court's conclusion that "neither the statutory Council nor the NSC staff performs significant non-advisory functions." *Id.* at 558. Specifically, the Court determined that there is no statutorily "delegated substantial authority to the NSC," and "[u]nder none of" the presidential delegations of authority "does the NSC appear to exercise any significant non-advisory function." *Id.* at 565. Indeed, as the dissent observed, a court "need find only one non-advise-and-assist function to conclude that [a unit of the Executive Office of the President] is an agency for FOIA and Federal Records Act purposes." *Id.* at 570 (Tatel, J., dissenting). The Court in *Armstrong* found none. *See* Dkt. No. 33, at 10 n.2 (explaining that *Armstrong* "considered the various functions of the NSC and determined that it did not exercise any significant non-advisory functions"). And the *Armstrong* Court thus concluded that the NSC is not an agency under FOIA.

A necessary implication of the reasoning underlying the *Armstrong* Court's holding is that no sub-office within the NSC—including NSC-RAISMD—exercises substantial authority independent of the President such that, viewed individually, it could be considered an "agency" for purposes of FOIA. It makes no difference that Plaintiff purports to be asking a "distinct

5

question" with a more limited scope, Opposition 7; the answer was already necessarily determined by *Armstrong*.

Moreover, as explained in the government's motion (at 8-9), *Armstrong* cannot be read to permit Plaintiff's attempt to disaggregate the NSC "*as a whole*" from any of its component parts, *see* Opposition 7. The plain text of the decision's holding applies to "the NSC," which encompasses "the statutory Council [and] the NSC staff." 90 F.3d at 558; *see id.* at 556 n.* ("We use 'the NSC' to mean, depending upon the context, either the staff that supports the statutory Council or the *entire organization*, including both the Council and the staff." (emphasis added)). And the *Armstrong* dispute involved the record preservation requirements applicable to all NSC documents. *See* Motion 12-13. Instead of holding that some NSC documents are subject to the Federal Records Act (FRA) and FOIA and others are not, as the district court had done, *see Armstrong v. Executive Off. of the President*, 877 F. Supp. 690, 705-06 (D.D.C. 1995), *rev'd*, 90 F.3d 553 (D.C. Cir. 1996)—or holding that some NSC documents are not subject to the FRA and FOIA but declining to decide the status of others, as Plaintiff's position seemingly requires—the *Armstrong* Court held that the entire NSC is not an agency under FOIA and need not

6

comply with the FRA. Plaintiff's attempt to re-characterize *Armstrong* cannot be reconciled with the actual text or context of that decision.

3. Plaintiff further asserts that, "[e]ven assuming" the *Armstrong* Court intended its holding to encompass "the entirety of NSC," the holding cannot apply to NSC-RAISMD because "the *Armstrong* Court was never presented with information about RAISMD or prepublication review," and NSC-RAISMD might not have been in existence or performed prepublication review at the time. Opposition 8-10. The fact that a panel did not expressly address every possible potential application of a categorical holding does not undermine the precedential effect of that holding.

Courts are bound by the holdings and necessary reasoning of prior opinions. *See Leopold v. Manger*, 102 F.4th 491, 495 (D.C. Cir. 2024). As discussed (*supra* pp. 4-5), a crucial step in the *Armstrong* Court's reasoning is its conclusion that the NSC does not perform "any significant non-advisory function." 90 F.3d at 565. The necessary implication of that conclusion is that no sub-office within the NSC exercises substantial authority independent of the President. To conclude that any component of the NSC performs a significant non-advisory function and thus exercises substantial independent authority would undermine a necessary premise of the holding in *Armstrong*.

7

*See id.* at 570 (Tatel, J., dissenting) (observing that a court "need find only one non-advise-and-assist function to conclude that [a unit of the Executive Office of the President] is an agency for FOIA and Federal Records Act purposes"). The Court is thus bound by the precedential result and reasoning of *Armstrong* to reject Plaintiff's position.

Accordingly, *Armstrong* cannot be read to reserve the question of whether sub-offices within the NSC, viewed individually, might exercise substantial authority independent of the President. *See Alpine Sec. Corp. v. Financial Indus. Regul. Auth.*, 121 F.4th 1314, 1335 (D.C. Cir. 2024) ("This court's historic practice of faithful panel adherence to circuit precedent cannot be circumvented by pretending a prior decision said something it plainly did not."). It does not matter that the *Armstrong* Court did not expressly address NSC-RAISMD—or individually assess the status of each staff member and other sub-offices within the NSC—or expressly discuss prepublication review, as purportedly distinct from the "[p]rotection of national security information" and "declassification reviews," 90 F.3d at 561-62 (emphasis omitted). It is enough that the *Armstrong* Court's analysis necessarily resolves the question at issue: whether the NSC in its entirety, including all staff and sub-offices, is subject to FOIA. *See Citizens for Resp. & Ethics in Washington v. U.S. Dep't*

8

*of Just.*, 846 F.3d 1235, 1244 (D.C. Cir. 2017) (courts are bound where, "in arriving at its holding, the [prior] court necessarily—albeit implicitly—rejected [an] argument"); *New York-New York, LLC v. NLRB*, 676 F.3d 193, 196 (D.C. Cir. 2012) ("We cannot overturn the Board's decision here on a ground necessarily rejected by the prior panel."). Although Plaintiff wants the Court to "displace" *Armstrong* "because it did not address" NSC-RAISMD specifically, "that's not how stare decisis works." *See Save Jobs USA v. U.S. Dep't of Homeland Sec.*, 111 F.4th 76, 80 (D.C. Cir. 2024).

Relatedly, Plaintiff suggests that adherence to the express holding of *Armstrong* will "invite" "mischief," because any office could be repositioned "inside the NSC, regardless of the office's function or authority," in order to remove it "from the scope of FOIA." Opposition 10; *see also* Opposition 8. But such concerns are completely baseless and, in any event, provide no legal justification for fundamentally reconfiguring binding precedent that has been settled law in this Circuit for almost 30 years.

**B.** The remainder of Plaintiff's opposition responds to specific assertions, analogies, and alternate bases for dismissal that were raised in the government's district court filings, but not in the motion for summary affirmance. *See* Opposition 4-5, 10-12, 12-17. Most prominently, Plaintiff

9

spends a significant portion of its opposition asserting that the operative complaint plausibly alleges that NSC-RAISMD, if viewed as an office distinct from the rest of the NSC, exercises substantial authority independent of the President. Opposition 12-17. That argument responds not to the motion for summary affirmance, but to an alternate basis for dismissal that was presented in the government's district court briefing: that Plaintiff had not sufficiently pleaded that NSC-RAISMD is an agency subject to FOIA. *See* Dkt. No. 33, at 11 n.3. Relatedly, Plaintiff asserts that the district court should have authorized discovery or conducted a hearing in lieu of dismissing the claims against NSC-RAISMD. Opposition 17-20. The possibility of such factual development would only be relevant, however, if the question of whether NSC-RAISMD is subject to FOIA were not squarely controlled by *Armstrong*. *See* Dkt. No. 33, at 11 n.4.

Plaintiff's discussion of those issues, and of arguments not made in the motion for summary affirmance (*see* Opposition 4-5, 10-12), is thus irrelevant to resolving the pending motion. In the event that the motion is denied and the appeal proceeds to full merits briefing, the parties can then address the alternate ground for dismissal and Plaintiff's other arguments, as necessary.

\* \* \*

At bottom, Plaintiff's arguments amount to a disagreement with *Armstrong* and the scope of its holding. And though Plaintiff asks the Court not to "follow[] it as controlling precedent," Opposition 8, and instead to view *Armstrong*'s "controlling authority" as having been "diminish[ed]," Opposition 10, the Court cannot simply disregard Circuit precedent. *See Alpine Sec. Corp.*, 121 F.4th at 1334 ("As a panel, we are bound by our precedent unless intervening Supreme Court precedent clearly dictates a departure." (cleaned up)); *see also LaShawn A. v. Barry*, 87 F.3d 1389, 1395 (D.C. Cir. 1996) (en banc). Following that binding precedent, this Court should summarily affirm the dismissal of Plaintiff's claims against NSC-RAISMD.

## CONCLUSION

For the foregoing reasons, this Court should summarily affirm the district court's dismissal order.

Respectfully submitted,

SHARON SWINGLE
 /s/ *McKaye L. Neumeister*
McKAYE L. NEUMEISTER
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7231*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-8100*

JANUARY 2025

## CERTIFICATE OF COMPLIANCE

This reply complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,215 words. This reply also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in CenturyExpd BT 14-point font, a proportionally spaced typeface.

*/s/ McKaye L. Neumeister*
McKaye L. Neumeister

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2025, I electronically filed the foregoing reply with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ McKaye L. Neumeister*
McKaye L. Neumeister